IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 3:09CV285 |
| $11,210.00 in United States Currency, | ) ) ) |  |
| Defendant. | ) |  |

### MEMORANDUM OPINION
(Motion to Strike; Motion for Summary Judgment)

This case is a civil forfeiture action in rem brought pursuant to 21 U.S.C. § 881(a)(6). It is presently before the Court on two motions filed by the United States: a motion to strike a brief filed by Detwon Shelton and a motion for summary judgment. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, the government's motion to strike is granted, and the government's motion for summary judgment is granted.

## I. Procedural History

On February 7, 2008, Shelton was arrested and $11,210 in U.S. currency and a small amount of marijuana were found in his vehicle.[1] On December 11, 2008, a United States

---

[1] On February 5, 2008, Detwon Shelton was indicted by a federal grand jury for possession with intent to distribute fifty grams or more of cocaine base. Included in this indictment was a forfeiture allegation for $16,000 in U.S. currency. On June 10, 2008, Shelton pled guilty to the charge of possession with intent to distribute fifty grams or more of cocaine base and the Court entered a guilty verdict. The plea agreement stated that Defendant agreed to forfeit the $16,000, and the Court entered a consent forfeiture order on July 25, 2008. The $11,210 at issue here is

Magistrate Judge issued a seizure warrant for the $11,210. On May 4, 2009, the government filed a Complaint for Forfeiture *In Rem* against the $11,210 and sent a notice to Shelton on June 4, 2009. The notice stated that a verified claim must be filed within 35 days of the date the notice was sent–in this case July 9, 2009–and that an answer must be filed within 20 days of the verified claim.

Shelton filed a "Reply Brief to Grant Shelton's Motion for Return of Property" that the Court received and docketed on July 17, 2009. The United States indicates that Shelton mailed an "Answer to the Complaint" to the U.S. Attorney's Office dated August 5, 2009, but this document does not appear to have been filed with the Court.

## II. Motion to Strike

The United States argues that the verified claim and answer submitted by Shelton were untimely and deficient and should be stricken. Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs in rem forfeiture actions. Supplemental Rule G(8)(c) provides that the government may file a motion to strike a claim or answer for failure to comply with Rule G(5). Rule G(5) states that a notice to known potential claimants must state the deadline for filing a claim that must be at least 35 days after the notice was sent. In this case, the notice gave 35 days to file a claim, making it due July 8, 2009. Defendant's claim was filed on July 17, 2009, eight days late.

---

separate and apart from the $16,000 forfeited pursuant to the plea agreement.

The Supplemental Rules also state that an answer must be filed within 21 days of the filing of the claim. Twenty-one days from the last day to file a timely verified complaint was July 29, 2009, and 21 days from Shelton's actual filing of his "Reply Brief" was August 7, 2009. In this case, an answer was not filed with the Court, but one was sent to the U.S. Attorney dated August 5, 2009 and received August 10, 2009. To this date, no answer has been filed with the Court, and the only one in the record is attached to the government's motion to dismiss. Even if the Court adopts the date that the filing was received by the U.S. Attorney's Office as the filing date, it would still have been late.

The United States raises additional deficiencies with Shelton's filings. Supplemental Rule G(5)(a) requires that a verified claim must "state the claimant's interest in the property" and "be signed under penalty of perjury." Shelton's filing contained neither.

Given these deficiencies, the Court must find that Shelton's filings failed to comply with Rule G(5) and strike Shelton's "Reply Brief to Grant Shelton's Motion for Return or Property." Additionally, since the answer is not properly before the Court, striking is unnecessary, but it appears that striking it would be appropriate were it before the Court.[2] While the Court is mindful that a pro se litigant is held to a less stringent standard in drafting pleadings than a lawyer, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292

---

[2]The United States raises several substantive deficiencies with Shelton's answer, but the Court need not address those as the answer was never properly filed.

(1976), the Court is similarly mindful of the recognition by several Courts that Supplemental Rules be strictly enforced. *See, e.g., U.S. v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004); *U.S. v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000).

### III. Motion for Summary Judgment

#### A. Legal Standard

A court will grant summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the district court must still

4

proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (internal quotations omitted).

### B. Analysis

The United States alleges that the $11,210 seized from Shelton constituted funds in connection with a drug transaction under 21 U.S.C. § 881(a)(6). The government must prove by a preponderance of the evidence that the property at issue here meets the statutory forfeiture requirements. 18 U.S.C. § 983(c)(1).

An affidavit provided by the government from Paul Scallan of the ATF gives most of the basis for the government's case. According to Scallan, a confidential informant (CI) stated that he met Shelton in 2006 and purchased 62 grams of crack cocaine from Shelton. The CI made numerous similar purchases from Shelton over the following year. On December 15, 2007, the CI, at the direction of the Richmond Police, arranged a buy where Shelton was arrested with 74.87 grams of crack cocaine and $16,566 in his possession. A few months later on February 7, 2008, while Shelton was on bond and with a federal indictment and arrest warrants pending against him, Richmond Police located and attempted to stop Shelton. After he was apprehended, a search of his vehicle found substances believed to be illegal drugs and the $11,210 at issue here. A search of Virginia Employment Commission records found that Shelton's reported earnings never exceeded $3,000 per year for 2006, 2007, or 2008.

Although his arguments are not part of the record before the Court, Shelton alleged that he received the cash at issue from his sister, Yanteshia Branch. The government provided an affidavit from Ms. Branch stating that she did not give the money to Shelton and has never given him large sums of money.

Given the circumstances presented here, the Court finds that forfeiture is appropriate. In this case, the funds were found shortly after Shelton was arrested for an illegal drug transaction at which time he also had a similarly large sum of money. The funds at issue here were found with other illegal drugs. Shelton also has no legitimate explanation for the money. In fact, Shelton's employment records show a low annual income, and his explanation for the money has been refuted under penalty of perjury. Given these uncontroverted facts, the Court finds that the United States has proven by a preponderance of the evidence that the funds seized here represent funds used or intended to be used in connection with an illegal drug transaction. There is no genuine dispute as to any material facts, and judgment as a matter of law is appropriate. The United States' motion for summary judgment will be granted.

An appropriate Order will accompany this Memorandum Opinion.

                                          /s/
                              Henry E. Hudson
                              United States District Judge

Date: July 15, 2010
Richmond, VA